UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON DAVIS, | Civil Action No. 11-6956 (DMC) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| CHASE HOME FINANCE, LLC, et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter having been opened to the Court based on *pro se* Plaintiff Sharon Davis's ("Plaintiff") request to voluntarily dismiss this matter without prejudice pursuant to Fed.R.Civ.P. 41(a); and Defendants Chase Home Finance, LLC and JPMorgan Chase Bank, N.A. ("Defendants") having indicated that they would consent to a dismissal *with* prejudice; and the Court having reviewed the submissions in support of and in opposition to Plaintiff's request; and the Court having considered the arguments made by Plaintiff and defense counsel during the September 20, 2013 hearing; and for the reasons that follow, it is respectfully recommended that the case be DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

On November 29, 2011, the Clerk's Office received Plaintiff's Complaint in the instant action against Defendants, which alleges a violation of the Truth in Lending Act, 15 U.S.C. §§1601-1666, as well as various state claims and common law tort claims in connection with a foreclosure action upon her home. (*See generally Compl.*; Docket Entry No. 1). Plaintiff's Complaint was eventually filed on May 22, 2012, after the Hon. Dennis M. Cavanaugh, U.S.D.J.

granted Plaintiff's application to proceed *in forma pauperis*. [Docket Entry No.4]. A Pretrial Scheduling Order was issued on September 24, 2012, following an Initial Conference with Magistrate Joseph A. Dickson pursuant to Fed.R.Civ.P. 16. This scheduling order stayed most discovery in this matter and was amended once on March 4, 2013 to set a fact discovery deadline of September 20, 2013. On August 13, 2013, this matter was transferred to the undersigned. Upon transfer, the Court reached out to both Plaintiff and counsel to get a status update. Plaintiff responded by e-mail dated August 21, 2013 advising that "[i]t was [her] intention to have this matter withdrawn[.]" (E-mail from Plaintiff to Chambers' Staff (August 21, 2013, 9:32am EST[1])). Plaintiff further indicated that she wished to have this matter dismissed *without* prejudice. (*Id.*) Defendants represented that they would consent to a dismissal *with* prejudice. (E-mail from Kathleen Cavanaugh, Esq. to Chambers' Staff (August 23, 2013, 11:26 EST)). As a result, the Court requested position papers and set a hearing for September 20, 2013 on the issue of whether this action should be dismissed with or without prejudice.

In her position paper, Plaintiff submits that this matter should be dismissed without prejudice and argues that a dismissal with prejudice "would forever bar the Plaintiff from raising or pursuing like claims under *res judiciata*, which would be unfair to the Plaintiff." (*Plaintiff's Letter Brief* at 3; not docketed). Defendants maintain that the matter should be dismissed with prejudice based on "the age of the matter, the cost and length of the proceedings to date, and [Defendants'] expectation that the matter would be dismissed by summary judgment upon motion[.]" (*Defendants' Letter Brief* at 1; Docket Entry No. 29). As such, Defendants submit that they "should not be subjected to the risk of having to litigate this case a second time in the

---

1 It is clear from the timestamp of the e-mail that Plaintiff's request was originally sent to the Court and defense counsel on July 31, 2013. However, the e-mail address for the Court appears to be the e-mail for Electronic Filings which would explain why the Court did not receive same earlier.

future[.]" (*Id.* at 3).

At the hearing, Plaintiff confirmed that she wanted the case dismissed without prejudice. Defendants reiterated their position that a dismissal with prejudice is warranted in this action. The Court heard argument from both sides and expressed that it was not inclined at this juncture to dismiss with prejudice, as it felt that the case had not progressed so far as to warrant same. Therefore, the Court asked Defendants' counsel if they would be amenable to a dismissal without prejudice before the Court entered the instant Report & Recommendation. Defendants were given until September 24, 2013 to stipulate to same. Otherwise, the Court advised of its intention to provide the District Court with a recommendation that this action be dismissed without prejudice. The Court has not received a stipulation from Defendants.

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a) states that a plaintiff may only voluntarily dismiss an action without a court order either before the opposing party answers or files a motion for summary judgment, or with consent of all parties who have appeared. Fed.R.Civ.P. 41(a)(1). Rule 41further provides that an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Fed.R.Civ.P. 41(a)(2). Lastly, unless explicitly stated in the order, the dismissal is understood to be without prejudice. *Id.*

Dismissal on a motion under Rule 41(a)(2) is within the sound discretion of the court. *Hoffman La Roche Inc. v. Genpharm Inc.*, 50 F. Supp. 2d 367, 371 (D.N.J. June 8, 1999). *See also Ockert v. Union Barge Line Corp.*, 190 F.2d 303 (3d Cir. 1951). Here, the parties do not dispute that the matter should be dismissed, but only whether it should be dismissed with or without prejudice. As noted above, pursuant to Rule 41, dismissals are generally without prejudice. *Id*. at

372. A dismissal with prejudice may be granted "where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Id.*, citing *Chodorow v. Roswick*, 160 F.R.D. 522, 523 (E.D. Pa. 1995). Moreover, '[t]he prejudice to defendant must be something other than the mere prospect of a second lawsuit." *Id.* (internal citations omitted).

The Court exercises its sound discretion in finding that Defendants have not shown that it would be inequitable or prejudicial to them to dismiss this matter without prejudice. Although Plaintiff's Complaint was received in November of 2011, the Complaint was not filed until May 2012, nor was a scheduling order issued until September 2012. Furthermore, discovery had been stayed from September 2012 through March 2013 and after that date, only paper discovery had been exchanged. On July 31, 2013, Plaintiff indicated that she wished to voluntarily dismiss this matter. As such, discovery was conducted from March through July of this year. In this regard, the Court does not find a dismissal without prejudice would be so inequitable to Defendants for the time spent on this case. Lastly, Defendants have communicated their optimism regarding their position on the merits by stating that they have prepared a motion for summary judgment. (*Defts.' Letter Brief* at 2). In the event that Plaintiff were to refile her case, Defendants would not be precluded from relying on the work done for that motion in a subsequent action.

## **CONCLUSION**

The Court having considered this matter pursuant to FED.R.CIV.P. 78 and having given consideration of the *Poulis* factors;

IT IS on this 25th day of September, 2013,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 41(a)(2).

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

                                                  s/James B. Clark, III
                                                  **HONORABLE JAMES B. CLARK, III**
                                                  **UNITED STATES MAGISTRATE JUDGE**